## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re

**EARTH FARE, INC. et al.,**[1]

                            **Debtor.**

-----------------------------------------------------------x

**KELSI CORNETT and AMY HILE, on behalf of themselves and on behalf of all others similarly situated,**

                    **Plaintiffs,**

                **v.**

**EARTH FARE, INC., and EF INVESTMENT HOLDINGS, INC.**

                    **Defendants**.

-------------------------------------------------------------------

**Chapter 11**
**Case No. 20-10256-KBO**
**(Joint Administration Requested)**

**Adversary Proceeding No._____**

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Kelsi Cornett and Amy Hile ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Earth Fare, Inc., and EF Investment Holdings, Inc. ("Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

## **NATURE OF THE ACTION**

3.       This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiffs and the other similarly situated employees are "aggrieved employees," as defined by the WARN Act, who are affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or about February 3, 2020 and thereafter (collectively, "the Class")  Pursuant to the WARN Act, the Defendants constituted a "single employer".  As such, the Defendants violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiffs and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## **PARTIES**

4.       Upon information and belief, at all relevant times, Defendant Earth Fare, Inc. ("Earth Fare") is a North Carolina corporation which maintained facilities throughout the United States.

5.       Upon information and belief, at all relevant times, Defendant EF Investment Holdings, Inc. is a holding company and the direct parent of Earth Fare, owning 100% of the equity in Earth Fare.

2

6.      Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated facilities throughout the United States, (the "Facilities").

7.      On or about February 3, 2020, Defendants, as a "single employer", ordered plant closings and/or mass layoffs at the Facilities without providing the sixty days advance written notice required by the WARN Act.

8.      Plaintiff Kelsi Cornett is an "aggrieved employee" of Defendants, pursuant to the WARN Act's "single employer" provision who was employed at one of Defendants' facilities in Johnson City, TN.

9.      Plaintiff Amy Hile is an "aggrieved employee" of Defendants, pursuant to the WARN Act's "single employer" provision who was employed at one of Defendants' facilities in St. Johns, FL.

10.      On or about February 4, 2020 Defendants filed with this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

11.      The Plaintiffs and other similarly situated persons are "aggrieved employees" of Defendants as a result of the  Defendants' failure to provide the legally required advance written notice of the mass layoffs and/or plant closings ordered by the Defendants as a single employer on or about February 3, 2020.

12.      The Plaintiffs bring this action on their own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other "aggrieved employees"  of the Defendants affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter (collectively, "the Class").

13.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

      (a)     The Defendants shared common ownership;

      (b)     The Defendants shared common officers and directors;

      (c)     All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class Members, including the decision to order the mass layoffs or plant closings at the Facilities;

      (d)     There was a unity of personnel policies emanating from a common source between Defendants; and

      (e)     There was a dependency of operations between Defendants.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

14.     The Plaintiffs and each person they seek to represent herein, were affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15.     The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter.

16.     On or about February 3, 2020 and thereafter, Defendants ordered  plant closings and/or mass layoffs affecting the Plaintiffs' employment as part of a mass layoff and/or

4

plant closing which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

17.     Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Act.

18.     At or about the time that the Defendants ordered plant closings and/or mass layoffs at the Facilities on or about February 3, 2020 and thereafter, Defendants ordered other plant closings and/or mass layoffs affecting approximately 3400 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

19.     Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

20.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

21.     The Defendants ordered plant closings and/or mass layoffs of the Plaintiffs and the Other Similarly Situated Former Employees without cause on the part of the employees.

22.     The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

23.     Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice before ordering plant closings and/or mass layoffs.

24. Prior to the Defendants ordering plant closings and/or mass layoffs, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following the ordering of plant closings and/or mass layoffs and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of the ordering of plant closings and/or mass layoffs

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

26. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

28. Common questions of law and fact are applicable to all members of the Class.

29. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the ordering by Defendants of plant closings and/or mass layoffs, worked at or reported to the Facilities; Defendants as a single

6

employer ordered the plant closings and/or mass layoffs affecting the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following the ordering by Defendants of plant closings and/or mass layoffs.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

32.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33.     The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34.     The Class is so numerous as to render joinder of all members impracticable as there are approximately 3400 persons who are included in the Class.

35.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions

affecting only individual members, and that a class action is superior to other available methods

for the fair and efficient adjudication of the controversy.

37.    No Class member has an interest in individually controlling the

prosecution of a separate action under the WARN Act.

38.    No litigation concerning the WARN Act rights of any Class member has

been commenced.

39.    Concentrating all the potential litigation concerning the WARN Act rights

of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial

resources and the resources of the parties and is the most efficient means of resolving the WARN

Act rights of all the Class members.

40.    On information and belief, the identities of the Class members are

contained in the books and records of Defendants.

41.    On information and belief, a recent residence address of each of the Class

members is contained in the books and records of Defendants.

42.    On information and belief, the rate of pay and benefits that were being

paid by Defendants to each Class member at the time of Defendants' ordering the plant closings

and/or mass layoffs are contained in the books and records of Defendants.

43.    As a result of Defendants' violation of the WARN Act, the Plaintiffs and

the other members of the Class have been damaged in amounts equal to the sum of: (a) their

respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation

pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other

fringe benefits that they would have received or had the benefit of receiving, for a period of sixty

(60) days after the dates of the Defendants ordering plant closings and/or mass layoffs ; and (c)

medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

44.     At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45.     At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

46.     On or about February 3, 2020 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

47.     The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

48.     The Plaintiffs and each of the other members of the Class were affected by the plant closings and/or mass layoffs ordered by the Defendants without cause on his or her part.

49.     The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice prior to ordering plant closings and/or mass layoffs at the Facilities.

51.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

54.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of the ordering of plant closings and/or mass layoffs at the Facilities.

55.     The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A.     An allowed claim against the Defendant in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, The first $13,650.00 of each Class member's allowed WARN Act claim against the Defendant is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B.     A judgment against Defendants in favor of the Plaintiffs and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

C.     Certification that the Plaintiffs and the other Class members constitute a single class;

D.     Appointment of the undersigned attorneys as Class Counsel;

E.     Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.     An allowed administrative priority claim against Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

G.     A judgment against Defendants for the reasonable attorneys' fees and the

11

costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the

WARN Act, 29 U.S.C. § 2104(a)(6); and

H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

February 5, 2020

By: /s/    James E. Huggett
MARGOLIS EDELSTEIN
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C. Mary E.
Olsen, Esq. (OLSEM4818) M. Vance
McCrary (MCCRM4402) 182 St. Francis
Street, Suite 103 Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181
Email: molsen@thegardnerfirm.com;
vmccrary@thegardnerfirm.com

WENZEL FENTON CABASSA, P.A.
Brandon Hill
Luis A. Cabassa
110 North Florida Avenue Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com

12

Email: lcabassa@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com

*Attorneys for Plaintiffs and the Proposed Class*